Richard CUELLAR, Appellant,

v.

Amada V. CARDENAS, Appellee.

No. 13–97–240–CV.

Court of Appeals of Texas,
Corpus Christi.

May 21, 1998.

Charles Smith, Corpus Christi, for appellant.

Mark W. Eggert, Asst. County Atty., Sinton, for appellee.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

YANEZ, Justice.

■ This is an appeal of the denial of a petition for writ of mandamus by a county court at law. By two points of error, appellant Richard Cuellar claims the justice court was required to have forwarded the papers of his case to the appropriate county court for appeal, and that the county court at law erred by not ordering the justice court to forward the papers. We will dismiss this appeal for want of jurisdiction.

Article 44.14(a) of the code of criminal procedure requires that in order to perfect appeal from a case tried to a justice court, an appeal bond must be filed within ten days after judgment was entered. TEX.CODE CRIM. PROC. ANN. art. 44.14(a) (Vernon Supp. 1998). In cases appealed from justice courts, article 44.14(b) of the code of criminal procedure directs the appeal court to examine the record for a timely filed appeal bond, and if one is not present, to dismiss the appeal and remand the case for execution of judgment. TEX.CODE CRIM. PROC. ANN. art. 44.14(b) (Vernon Supp.1998).

In the instant case, judgment was rendered on December 2, 1996. The appeal bond thus would have been due on December 13, 1996. TEX.R.APP. P. 4.1. Cuellar's appeal bond was not filed until December 23, 1996, and therefore was ten days late.

■ We recognize that Cuellar filed a motion for new trial within one day of judgment rendered, pursuant to article 45.45 of the code of criminal procedure. TEX.CODE CRIM. PROC. art. 45.45 (Vernon 1979). Article 45.45, nevertheless, does not provide that the filing of the appeal bond extends the timetable for perfection of appeal. We find no authority in the code of criminal procedure or case law for the proposition that the filing of a motion for new trial in justice court operates to extend the amount of time a criminal defendant has in which to perfect his appeal, and we will not contravene the plain meaning of the statute.

We hold that appeal of this case was not perfected.

Accordingly, the appeal is dismissed for want of jurisdiction.